IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDDIE L. JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No. CIV-12-560-HE |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of the Social ) | |
| Security Administration[1], ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (hereinafter TR. ___). The parties have briefed their positions, and the matter is now at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be **AFFIRMED.**

## PROCEDURAL HISTORY

Plaintiff initially filed applications for DIB and SSI on October 7, 2004 (TR. 50-52; 395-398). The applications were denied on initial consideration and on reconsideration

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

at the administrative level. At Plaintiff's request, an ALJ held a *de novo* hearing after which he issued an unfavorable decision on December 27, 2006, finding that Plaintiff was not disabled (TR. 12-21). The Appeals Council denied Plaintiff's request for review, after which Plaintiff filed an appeal before this court. After this court affirmed the Commissioner's decision, Plaintiff filed an appeal with the Tenth Circuit Court of Appeals. The Tenth Circuit reversed and remanded the case for further administrative proceedings.

The case was assigned to a different ALJ who held a remand hearing on April 5, 2010, and a supplemental remand hearing on December 2, 2010 (TR. 687-755). On January 12, 2011, the ALJ issued an unfavorable decision (TR. 444-456). The Appeals Council denied Plaintiff's request for review, making the ALJ's January 12, 2011 decision the final decision of the Commissioner.

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including

2

anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§404.1520; 416.920. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the onset date of his alleged disability (TR. 449). At step two, the ALJ found that Plaintiff had severe impairments including disorders of the lumbar spine, discogenic and degenerative, status post January 2004 fusion L4-5, with chronic pain (TR. 449). At step three, the ALJ determined that none of Plaintiff's impairments or combination of impairments meets or equals the limiting characteristics of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 451). At step four, the ALJ first formulated Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform "sedentary" work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following non-exertional functional limitations. The claimant can occasionally climb ramps and stairs, balance and stoop; never kneel, crouch, crawl, and climb ropes, ladders, or scaffolds. The claimant can sit for about 1 hour at a time, before having

3

> to stand at the workstation less than 5 minutes. The claimant can do no pushing or pulling with lower extremities. The claimant should avoid exposure to vibration and avoid exposure to workplace hazards, such as dangerous moving machinery, unprotected heights, open flame, or the operation of any type of moving equipment

(TR. 451). The ALJ then determined that Plaintiff could not perform his past relevant work (PRW) as material handler, orderly, or CNA/home health aide (TR. 454). At step five of the sequential evaluation process, the ALJ relied on the testimony of a vocational expert (VE) who testified at the supplemental remand hearing, in determining that Plaintiff has the ability to perform other work such as food and beverage order clerk, microfilm document preparer, and surveillance systems monitor (TR. 455).

## ISSUES PRESENTED

Plaintiff contends that the ALJ's residual functional capacity finding is not supported by substantial evidence and that, in determining that Plaintiff could do other jobs, the ALJ relied upon the VE's answer to an improper hypothetical question that did not include all of Plaintiff's limitations.

## ANALYSIS

Plaintiff challenges the ALJ's RFC formulation because it does not restrict Plaintiff to jobs that would allow him to sit or stand at will. Plaintiff contends that the necessity of a sit-stand option is made clear by the testimony of the two medical experts, Dr. Phillip McCowan, who testified at the April 5, 2010 remand hearing, and Dr. Robert Thompson, who testified at the December 2, 2010 supplemental remand hearing. A VE also testified at both hearings.

Dr. McCowan testified that Plaintiff may have met the requirements of a listed impairment from August 2, 2004, to January 9, 2004, (TR. 713), less than the twelve months required for a finding of a period of disability. Based on the records he had reviewed, Dr. McCowan stated his opinion that Plaintiff could perform light work (TR. 714). But Dr. McCowan did not have any medical records generated after 2005 (TR. 710). The ALJ proposed that he send Dr. McCowan interrogatories to be answered upon his receipt of the additional records (TR. 727). Thereafter, Dr. McCowan completed a Medical Source Statement Of Ability To Do Work-Related Activities (Physical) (TR. 675–680). In response to a question on the form regarding Plaintiff's ability to walk, Dr. McCowan stated, "[Plaintiff] continues to complain of pain, so it's more of a matter of letting him have some degree of flexibility as tolerated in his daily schedule" (TR. 676). Dr. McCowan also determined that Plaintiff could do sedentary work and could sit for two to three hours continuously (TR. 676).

At the supplemental remand hearing, Dr. Thompson testified that the record supports Plaintiff's allegations of chronic pain (TR. 747). Dr. Thompson stated that Plaintiff could perform sedentary work and had the ability to stand for a total of two hours in a day, but not continuously at one time. He stated that Plaintiff would need breaks from standing (TR. 743). Plaintiff's representative asked Dr. Thompson whether Plaintiff would need to have a sit-stand option so that "he could sit and stand at his will in order to complete the eight-hour workday?" Dr. Thompson replied, "Yes. I think that's, that's a fair statement" (TR. 748).

5

The ALJ stated that he was giving "great weight" to the opinions of Dr. McCowan and Dr. Thompson. The ALJ recognized Plaintiff's need to change positions from time to time by stating that Plaintiff "can sit for about 1 hour at a time, before having to stand at the workstation for less than 5 minutes" (TR. 451).

Plaintiff contends that the ALJ's RFC is not supported by substantial evidence, based on Plaintiff's contention that both Dr. Cowan and Dr. Thompson testified that Plaintiff needed the option to sit or stand at will. But Plaintiff has mischaracterized the testimony of these doctors at the remand hearings. Neither medical expert definitively testified that Plaintiff would need to be able to sit or stand at will. Rather, both recognized that Plaintiff would be restricted to sedentary work which by definition "involves sitting" but also includes walking and standing occasionally. *See* 20 C.F.R. §§404.1537(a); 416.967(a). The medical record in this case combined with the testimony at the remand hearing and the supplemental remand hearing, constitute substantial evidence in support of the ALJ's RFC determination.

Plaintiff further contends that the ALJ posed an incomplete hypothetical question to the VE because the ALJ did not include a restriction requiring that Plaintiff be able to sit or stand at will. As noted above, the ALJ's RFC assessment is based on substantial evidence in the record. The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. *See Qualls v. Apfel,* 206 F.3d 1368, 1373 (10th Cir. 2000). Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision. Accordingly, it is recommended that the decision of the Commissioner be affirmed.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **AFFIRMED**.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **June 14, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on May 31, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE